IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES,  )<br>              Petitioner,  )<br>       v.  )<br>  )<br>WARDEN KEVIN CHAPPELL,  )<br>              Respondent.  )<br>_____ ) | No. C 12-1475 LHK (PR)<br><br>ORDER GRANTING MOTION TO DISMISS |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Respondent has filed a motion to dismiss for failure to exhaust. Although given an opportunity, Plaintiff did not file an opposition. For the reasons below, the Court GRANTS Respondent's motion to dismiss, and DISMISSES this action.

**BACKGROUND**

Petitioner challenges his 2009 criminal conviction and sentence in the Alameda County Superior Court. (Pet. at 2.) That same year, a petition to revoke Petitioner's probation was filed, and on October 13, 2009, the trial court found Petitioner in violation of his probation, and committed him to 120 days in jail. (Mot. at 2.) The California Court of Appeal affirmed both Petitioner's original conviction, as well as the probation revocation, on May 11, 2011. (Mot., Ex. 1, App. A.) On July 27, 2011, the California Supreme Court denied review. (Mot., Ex. 2.)

Order Granting Motion to Dismiss
G:\PRO-SE\SJ.LHK\HC.12\James475mtdexh.wpd

1  Petitioner did not file any state habeas petitions challenging these convictions.  The underlying
2  federal petition was filed on March 23, 2012.
3      In its order to show cause, this Court found that Petitioner presented two cognizable
4  claims:  (1) Petitioner's no contest plea was involuntary because he was not informed of the
5  direct consequences when accepting the plea, and (2) the prosecution withheld favorable,
6  exculpatory evidence.

## DISCUSSION

8  Prisoners in state custody who wish to challenge collaterally in federal habeas
9  proceedings either the fact or length of their confinement are first required to exhaust state
10  judicial remedies, either on direct appeal or through collateral proceedings, by presenting the
11  highest state court available with a fair opportunity to rule on the merits of each and every claim
12  they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c).  The exhaustion-of-state-
13  remedies doctrine reflects a policy of federal-state comity to give the state "the initial
14  'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  *Picard*
15  *v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).  The exhaustion requirement is satisfied
16  only if the federal claim has been "fairly presented" to the state courts.  *See id.*; *Peterson v.*
17  *Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  The state's highest court must be
18  given an opportunity to rule on the claims even if review is discretionary.  *See O'Sullivan v.*
19  *Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's
20  established appellate review process.").  A federal district court must dismiss a federal habeas
21  petition containing any claim as to which state remedies have not been exhausted.  *See Rhines v.*
22  *Webber*, 544 U.S. 269, 273 (2005).
23      Respondent moves to dismiss the petition on the ground that Petitioner failed to exhaust
24  either claim.  Respondent attached a copy of Petitioner's petition for review to the California
25  Supreme Court, which shows that the only claims Petitioner raised to the highest state court
26  were:  (1) the trial court abused its discretion by denying Petitioner's request to continue the
27  probation revocation hearing, and (2) the probation revocation was improperly based on a
28  finding that Petitioner was an aider and abettor.  (Mot., Ex. 1 at 12-18.)  Petitioner has not

Order Granting Motion to Dismiss
G:\PRO-SE\SJ.LHK\HC.12\James475mtdexh.wpd      2

1  submitted any evidence to the contrary.  Thus, it appears that Petitioner has not fairly presented
2  his claims in the underlying federal petition of habeas corpus to the highest state court.
3  Accordingly, the Court GRANTS Respondent's motion to dismiss and DISMISSES this action.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is GRANTED.  The petition is dismissed because state court remedies were not exhausted before the petition was filed.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED:  11/12/12

LUCY H. KOH
United States District Judge

Order Granting Motion to Dismiss
G:\PRO-SE\SJ.LHK\HC.12\James475mtdexh.wpd     3